Honorable H. S. Harris, Jr. Chairman, Texas Industrial Accident Board P. O. Box 12757, Capitol Station Austin, Texas 76711
Re: Sheriff's fees for serving subpoenas at the request of the Industrial Accident Board.
Dear Mr. Harris:
You ask whether a county sheriff or constable is entitled to a fee from the Industrial Accident Board for serving subpoenas issued by the Board in connection with hearings on compensation claims and fraud cases. The Board has authority to subpoena witnesses pursuant to sections 4, 9a, and 10 of article 8307, V.T.C.S. Moreover, the Administrative Procedure Act gives the Board the following authority:
 (c) On its own motion or on the written request of any party to a contested case pending before it, on a showing of good cause, and on deposit of sums that will reasonably insure payment of the amounts estimated to accrue under Subsections (l)(1) and (2) of this section, an agency shall issue a subpoena addressed to the sheriff or any constable to require the attendance of witnesses and the production of books, records, papers, or other objects as may be necessary and proper for the purposes of the proceedings.
V.T.C.S. art. 6252-13a, § 14. Article 6873, V.T.C.S., requires each sheriff to execute all process directed to him by legal authority.
Article 3933a, V.T.C.S., establishes a fee schedule for sheriffs and constables which provides in pertinent part:
 For each person, corporation or legal entity, on whom service of citation, subpoena, summons, or process not otherwise provided for, is performed or attempted and return made, including mileage, if any, a fee of
(a) Small Claims Courts $5.00
(b) Justice Courts $8.00
(c) All other Courts $10.00
The courts of other states have held that an administrative agency is not a court. See Nelson v. Real Estate Commission,370 A.2d 608 (Md.App. 1977); School Dist. No. 16 v. New London School Dist., 164 S.W. 688 (Mo.App. 1914); In re Assessment of Kansas City Southern Ry Co., 33 P.2d 772 (Okla. 1934). Statutes are strictly construed against allowing a fee by implication. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Attorney General Opinions V-1426 (1952); V-957 (1949). We believe the Texas courts would construe the above fee schedule narrowly, and would not hold that it establishes fees for service of subpoenas in administrative hearings. The sheriff or constable is therefore not entitled to a fee from the Industrial Accident Board for serving subpoenas issued by the Board in connection with hearings on compensation claims and fraud cases. See also Tex. Const. Art.XVI, § 61; V.T.C.S. art. 3912(e), § 1 (state shall not pay fees to county officers in counties of over 20,000 population).
 SUMMARY
Sheriffs and constables are not entitled to receive fees from the Industrial Accident Board for serving subpoenas issued by the Board in connection with hearings on compensation claims and fraud cases.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General